UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES F. SHADE,

    Plaintiff,

v.                                        Case No. 14-12629

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pending before the court is the Report and Recommendation (Dkt. # 22) of United States Magistrate Judge Patricia T. Morris, to whom the case had been referred for review pursuant to 28 U.S.C. §636(b)(1)(B) and Appendix C of the Local Court Rules. The magistrate judge recommends that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Motion for Summary Judgment be granted. On June 26, 2015, Plaintiff filed timely objections, pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2). (Dkt. # 25.)

The court adopts the recommendation of the magistrate judge and orders that judgment be entered on behalf of Defendant.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. §636(b)(1).  See *United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have ben submitted in support of the motions to determine the outcome of the motions.

A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have.  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987), *Willis v. Sec'y of HHS*, 931 F.2d 390 (6th Cir. 1991).

## II. DISCUSSION

### A. Objection One

Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." This court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the magistrate judge's analysis is incorrect.  In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion).  Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. See *Howard,* 932 F.2d at 508-509 ("A general objection to the entirety of the magistrate's report has the same

effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks."); *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Plaintiff's first objection fails to present any argument which would provide a reason to even review, let alone reject the magistrate judge's Report and Recommendation. Rather than pointing to any specific problem with the magistrate's proposed findings and recommendations, Plaintiff provides only an abbreviated version of the motion for summary judgment, restating the reasons that Plaintiff argues the ALJ's decision should be reversed.

Plaintiff's presentation in this instance—a mere "second bite at the apple"—shall be treated as if Plaintiffs had simply failed to object at all. As discussed above, Plaintiff's first objection does not mention the analysis provided by the magistrate judge's report and recommendation, but merely argues, e.g., that "The Magistrate Judge erred in concluding that the ALJ's assessment at Step Three of the Sequential Evaluation was adequate under the law." (Dkt. #25, Pg. ID 520.) This is equivalent to no more an argument than "the R&R is wrong because it does not agree with my position."

### B. Objection Two

Plaintiff's second ground for objection is similarly flawed. With one small exception addressed below, the second objection is simply large swaths of text copied and pasted from Plaintiff's motion for summary judgment. The court will treat these

segments as unavailing general objections.

To the extent Plaintiff adds new material, he merely mischaracterizes or states a disagreement with the magistrate judge's analysis. Plaintiff argues that "[t]he Magistrate Judge minimized the importance of the new MRI" that was submitted as new evidence to the Appeals Council. (Pl.'s Obj. at 14.) What the magistrate judge actually did was find that the new evidence was not material because it did not tend to prove a change in Plaintiff's condition that could alter the outcome of his disability determination. (R. & R. at 16.) A finding of materiality—that is, that the new evidence creates a reasonable probability that the Commissioner would have reached a different disposition of the claim—is required for remand. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Accordingly, the magistrate judge concluded that remand would not be appropriate. The court agrees with this analysis.

With the small exception above, Plaintiff has presented no objections and has waived the right to *de novo* review by this court and further right of appeal on all unobjected to matters. *Walters*, 638 F.2d at 949-50; *Arn*, 474 U.S. at 155; *Howard*, 932 F.2d at 508-09.

The court has read the report and recommendation, and finds that it is well-reasoned, thorough, and correct.

### IV. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Plaintiff's Objections [Dkt. # 25] are OVERRULED and that the magistrate judge's Report and Recommendation [Dkt. # 22] is ADOPTED IN FULL and incorporated by reference.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment

[Dkt. # 21] is GRANTED and Plaintiff's Motion for Summary Judgment [Dkt. # 18] is DENIED.

s/ Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2015, by electronic and/or ordinary mail.

s/ Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\SMQ\Civil\14-12629.SHADE.R&R.Accept.smq.wpd